O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUEVARA | CASE NO. CV 11-02689 DOC (RZ) |
| Petitioner, | |
| vs. | ORDER SUMMARILY DISMISSING ACTION |
| JIM T. OCHOA, Warden, | |
| Respondent. | |

Jose Guevara, the petitioner in this 28 U.S.C. § 2254 habeas action, contends that a 2010 prison disciplinary violation for refusing an order should have been classified as minor instead of serious under state regulations. Although the Court has habeas jurisdiction because Petitioner lost good-time credit as a result of the classification, Petitioner shows no *federal* law that the state courts misapplied in upholding the state-regulatory classification. Thus, the Court will dismiss the action summarily.

The federal writ of habeas corpus offers redress "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioners not only must limit their claims to those based on *federal* law but also must exhaust them first in state court, by identifying particular provisions of the Constitution or federal law which have been violated, and the facts which show such a violation. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000).

Here, Petitioner was punished for refusing to take a required written test. He does not argue that the refusal did not occur. Instead, he asserts that the violation was legally misclassified as serious when it should have been minor, based entirely on state regulations. (Stated briefly and based on the unpaginated, unlabeled materials appended to the petition, Petitioner's argument for a "minor" classification of the violation is based on his assertion that he needed "reading glasses" but was not given them, and thus that his refusal to take the written test was reasonable. The prison offered to accommodate Petitioner's vision difficulties, however, by providing a tutor to assist him in taking the test and/or a magnifying glass. Petitioner still refused to take the test.) The state courts rejected Petitioner's challenge on state habeas review. It is plain that Petitioner's claim stands or falls entirely on construction of *state* regulations.

Although Petitioner swaddles his misclassification-under-state-regulations claim in references to the Fourteenth Amendment (and, mysteriously, the Fourth Amendment), *see* Pet. ¶ 6, presumably in reference to the Due Process Clause, Petitioner does not actually argue that prison officials denied him any procedural rights – such as notice of the charge, a hearing, and an explanation of the ruling – that, under state law, were due unto him. On the contrary, the petition and its attachments make clear that Petitioner was given notice of the disciplinary charge, an opportunity to be heard in response to the charge, and several oral and written explanations of the adverse decisions, initially and in two administrative appeals. Petitioner's position is not that the prison denied him those procedures but that it got the substantive decision (the classification of the violation as serious) wrong. Because the state thus did not deny Petitioner any of the *procedural* benefits granted by state law, however, federal due process is satisfied – even if, as Petitioner contends, the resulting *substantive* decision was wrong. *Cf. Swarthout v. Cooke*, 562 U.S. ___, 131 S.Ct. 859, 863 (Jan. 24, 2011) (parole habeas context) ("it is no federal concern whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Petitioner states no valid federal claim in his petition, and thus this matter must be and hereby is DISMISSED.

DATED: April 8, 2011

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE